**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1221**

TIMOTHY F. SUTHERLAND; C.C. PACE RESOURCES, INCORPORATED; SUTHERLAND HOLDINGS, INCORPORATED,

Plaintiffs - Appellants,

v.

MICHAEL GORDON; C.C. PACE SYSTEMS, INCORPORATED,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:06-cv-01217-CMH-TCB)

Submitted: September 10, 2008          Decided: October 1, 2008

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert Courtney Gill, II, SAUL EWING, LLP, Washington, D.C., for Appellants. John E. Prominski, Jr., Stephen M. Silvestri, MILES & STOCKBRIDGE, P.C., McLean, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Sutherland, Pace Resources, Inc., and Sutherland Holdings, Inc., ("Appellants") appeal the district court's order granting Michael Gordon and Pace Systems, Inc.'s ("Appellees") motion for summary judgment and denying Appellants' claims of an improper use of a trade name. Finding no reversible error, we affirm.

In 1988, Sutherland and Gordon were the sole and equal shareholders and directors of C.C. Pace Corporation, an entity that engaged in energy and management systems consulting. In 1989, Sutherland and Gordon entered into a "Reorganization Agreement" ("the Agreement") to divide the C.C. Pace Corporation. Sutherland received the energy consulting business, later named "Pace Resources," while Gordon received the management systems consulting business, later named "Pace Systems." Among the assets transferred to Pace Systems was "[t]he right to use a derivative of the name 'C.C. Pace' as a corporate or trade name, subject to the restrictions set forth in Section 7 below." Section 7 of the Agreement, entitled "C.C. Pace Name" stated:

> Pace [Resources] and [Sutherland] do not object to and will not oppose the use by [Pace Systems] or [Gordon] of the name "C.C. Pace" in a corporate or trade name, provided that [Pace Systems] and [Gordon] may not use the name "C.C. Pace" in combination with the word "Corporation," or the phrase "Resources," or any derivative thereof. . . . Pace [Resources] and [Sutherland] may continue to use the name "C.C. Pace" as a corporate or trade name, provided that Pace [Resources] and [Sutherland] may not use the name "C.C. Pace," in

2

combination with the word "Corporation" or the word "Systems" or any derivative thereof.

After the division of C.C. Pace Corporation, Pace Resources has used as trade names: "Pace Resources," "C.C. Pace Resources," and "C.C. Pace;" Pace Systems has used as trade names: "Pace Systems," "C.C. Pace Systems," "CC Pace Systems," "C.C. Pace," and "CC Pace."

The Appellants claim the Agreement does not give the Appellees the right to use "C.C. Pace" in isolation as a trade name because the Agreement states the Appellees may use it "in" a trade name. Appellants further claim they may use "C.C. Pace" in isolation because the Agreement allows them to use it "as" a trade name. We review de novo a district court's order granting summary judgment and view the facts in the light most favorable to the nonmoving party. Doe v. Kidd, 501 F.3d 348, 353 (4th Cir. 2007) cert. denied, 128 S. Ct. 1483 (2008). Virginia law applies to the Agreement and follows the "plain meaning" rule, which dictates that "[t]he contract is construed as written, without adding terms that were not included by the parties." City of Chesapeake v. States Self-Insurers Risk Retention Group, Inc., 628 S.E.2d 539, 541 (Va. 2006).

The plain meaning of Section 7 of the Agreement is to allow Appellees to use the trade name "C.C. Pace" as long as they do not use it in conjunction with "Corporation" or "Resources." Similarly, the Agreement allows Appellants to use the trade name "C.C. Pace" as long as they do not use it in conjunction with

3

"Corporation" or "Systems." The Agreement is silent about either party's use of "C.C. Pace" in isolation. The Appellants' "in" versus "as" argument strains the plain meaning of the Agreement and reads into it a nonexistent prohibition of use in isolation. As the Agreement does not prohibit isolated usage of the name "C.C. Pace," the district court did not err when it found the Appellees may use "C.C. Pace" in isolation.

The Appellants also claim the Agreement prohibits the Appellees from using the Internet domain name "ccpace.com." The Agreement gives the Appellees the right to use "C.C. Pace" as a trade name. The Appellants concede "CC Pace" without punctuation is a derivative use because "[t]here is no material distinction between using the name with or without periods." (Appellants' Reply Br. at 7). The Appellees' use of "ccpace" as its domain name is the same as any other use of the trade name and is not a non-derivative use prohibited by the Agreement. The district court did not err when it found the Appellees' use of the domain name "cc pace" did not violate the Agreement.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4